**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| CALVIN WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:23-cv-60 PLC |
| JASON MORRISON, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon Plaintiff's civil rights complaint, filed September 18, 2023. *See* ECF No. 1. Plaintiff, who is self-represented, filed this action in the United States District Court for the Western District of Missouri, which transferred the case to this Court on November 1, 2023. *See* ECF Nos. 5-6. However, Plaintiff has neither paid the court filing fee nor filed a motion to proceed *in forma pauperis* in this matter. For the reasons discussed below, the Court provides Plaintiff thirty (30) days to pay the $402 filing fee in this matter or this case will be dismissed without prejudice.

**Legal Standards**

Plaintiff is a prisoner subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges.  *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury.  *Higgins*, 258 F.3d at 800.  This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).  However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing.  *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).  Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g).  *Id.*  A plaintiff must plead "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury;" conclusory assertions of ongoing danger are insufficient.  *Martin*, 319 F.3d at 1050.

### Discussion

Plaintiff has accumulated three strikes.  *See Williams v. Hartley*, No. 6:03-cv-3024-RED (W.D. Mo. filed Jan. 16, 2003) (dismissed Mar. 18, 2003 for failure to state a claim); *Williams v. Manthey*, No. 6:05-cv-3083-ODS (W.D. Mo. filed Feb. 28, 2005) (dismissed Mar. 30, 2005 under *Heck v. Humphrey*, 512 U.S. 477 (1994)); and *Williams v. Watson*, No. 6:05-cv-3165-ODS (W.D. Mo. filed Apr. 20, 2005) (dismissed June 17, 2005 for failure to state a claim).  *See also Williams v. Tretham*, No. 6:07-cv-3014-ODS (W.D. Mo. filed Jan. 5, 2007) (dismissed Jan. 25, 2007, for three strikes under 28 U.S.C. § 1915(g)).  Therefore, this Court is unable to permit Plaintiff to proceed *in forma pauperis* in this matter unless he "is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Plaintiff filed his complaint in this matter seeking money damages against two Defendants associated with Moberly Correctional Center, regarding an incident that occurred on March 30,

2023.  *See* ECF No. 1 at 1-5.  According to Plaintiff, on that date he was sick and reported such to his prison work manager.  Plaintiff alleges that he was forced to work even though he was sick, and that due to his complaints about having to work while sick, he was taken to confinement.  *Id.* at 4; ECF No. 1-1 at 1-3.  With respect to the three strikes rule and imminent danger, Plaintiff states as follows:

> I'm filing my Section 1983 complaint under 28 U.S.C. § 1915(g), imminent danger.  I was never forced to work.  I was put in confinement because I didn't have a medical lay-in.  Prison officials was [sic] trying to get me to work when I became sick.

ECF No. 1-1 at 4.

Plaintiff also filed a motion for Preliminary Injunction, in which he seeks an order from the Court enjoining defendant Morrison "from causing more injury[] and future punishment[.]" ECF No. 3 at 1.  Plaintiff again states that he seeks to proceed under the imminent danger exception "because of the emotional[] and fabricated statements during the IRR/Grievance Process," and because "[t]hey might seek retaliation against me[] and transfer me to the prison where the inmate [is] that killed Mr. Mark Cosby in 2007 in his cell[.]"  *Id.* at 6.

There are no allegations in the pleadings that support a finding Plaintiff was under imminent danger of serious physical injury at the time he filed his complaint.  Plaintiff signed the complaint on September 13, 2023, more than five months after the challenged incident.  *See Martin*, 319 F.3d at 1050-51 (requisite imminent danger of serious physical injury must exist at time complaint or appeal is filed); *Ashley*, 147 F.3d at 717 (allegations that the prisoner may have faced imminent danger in the past are insufficient to trigger the imminent danger exception to § 1915(g)).

Furthermore, there is no evidence of any ongoing serious physical injury or pattern of misconduct.  Instead, Plaintiff admits that he was not actually forced to work while sick, so there

was no resulting risk to his health or safety. Plaintiff further concedes that the grant of a medical lay-in from a prison medical employee would resolve his concerns. Finally, to the extent that Plaintiff believes he could be transferred to a different facility where his life would be at risk from other inmates, such allegations are purely hypothetical, as there is no factual support to suggest that such a transfer is imminent or likely to occur.

## Conclusion

In light of the foregoing, it would be futile to allow Plaintiff the opportunity to file a motion for leave to proceed *in forma pauperis* in this case, because the Court would deny any such motion based on the three strikes rule. The Court will therefore direct Plaintiff to pay the $402 filing fee if he would like for this case to proceed. Absent payment of the filing fee, the Court will dismiss this action without prejudice. *See Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012) ("If a prisoner is ineligible to proceed under § 1915, then he may still file an action or appeal, but he must pay the full filing fee up front or suffer dismissal").

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff must pay the $402 filing fee within **thirty (30) days** of the date of this Order.

**Plaintiff's failure to timely comply with this Order will result in the dismissal of this action, without prejudice and without further notice.**

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of November, 2023